UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                        PLAINTIFF

v.                                    No. 2:21-CR-20030-001

BILLY JOE TAYLOR                                                DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Billy Joe Taylor's motion (Doc. 148) for leave to file a motion under 18 U.S.C. § 3582. Mr. Taylor previously filed a similar motion for leave which was docketed as a motion to reduce sentence under 18 U.S.C. § 3582. *See* Doc. 146. In that prior motion, Mr. Taylor requested leave to move for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines, based on his status as a defendant who did not receive any criminal history points under Chapter Four, Part A. *See id.* at ¶ 3; *see also* U.S.S.G. § 4C1.1(a). Mr. Taylor's prior motion was denied because although he received zero criminal history points, he was nevertheless ineligible for a sentence reduction under that provision since he had received an aggravating-role adjustment under U.S.S.G. § 3B1.1. *See* Doc. 147; *see also* U.S.S.G. § 4C1.1(a)(10).

Mr. Taylor's latest motion seeks to clarify that his prior motion was not itself a motion to reduce sentence, but rather was simply a motion seeking leave to file a motion to reduce sentence. His new motion reasserts that request for leave, and also states that he would like the opportunity to argue that his aggravating-role enhancement does not disqualify him from a sentence reduction because he was "not engaged in a continued criminal enterprise, as defined in 21 U.S.C. [§] 848." *See* Doc. 148, p. 2.

1

Mr. Taylor's motion for leave will be denied. As stated in the Court's previous order, Mr. Taylor's aggravating-role enhancement renders him ineligible for relief under U.S.S.G. § 4C1.1(a). The relevant provision requires, among other things, that the defendant "did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." *See* U.S.S.G. § 4C1.1(a). These two requirements— no aggravating role enhancement, and no continuing criminal enterprise—are clearly phrased in the conjunctive "and," not the disjunctive "or." Mr. Taylor received an aggravating-role enhancement. *See* Doc. 124, ¶ 208. Therefore, it is irrelevant whether he was engaged in a continuing criminal enterprise; he is ineligible regardless. Any argument to the contrary would be frivolous. The Court will not grant Mr. Taylor leave to file a frivolous motion.

IT IS THEREFORE ORDERED that Defendant Billy Joe Taylor's motion (Doc. 148) for leave to file a motion under 18 U.S.C. § 3582 is DENIED.

IT IS SO ORDERED this 1st day of May, 2024.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE